UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES,<br><br>    Plaintiff,<br><br>v.<br><br>JOSEPH E. FELDMAN,<br><br>    Defendant. | Case No: 2:17-cv-11292-LJM-DRG<br><br>District Judge Laurie J. Michelson<br>Magistrate Judge David R. Grand |

**PLAINTIFF UNITED STATES' REPLY BRIEF**

## INTRODUCTION

The plaintiff United States presents this reply brief to the defendant Joseph Feldman's response (Doc. No. 24) to the plaintiff United States' motion for summary judgment (Doc. No. 15). The defendant has not specifically denied the United States' Statement of Facts (Doc. No. 15-1), and, as such, those facts should be treated as undisputed. This reply will address the substance of the defendant's opposition to the United States' motion for summary judgment.

## REPLY

*1. The IRS Properly Sent Notices of Deficiency To The Taxpayer's Last Known Address.*

If a taxpayer prepares and files a tax return, the Internal Revenue Service ("IRS") can immediately assess the tax "determined by" the taxpayer. *See* 26 U.S.C. § 6201(a)(1). In contrast, if a taxpayer does not prepare and file a return, the IRS must determine a taxpayer's liability from sources other than a return (*e.g.*, from Forms W-2 and 1099) and assess any deficiency in tax pursuant to the deficiency procedures set forth in 26 U.S.C. §§ 6211-6216. *See* 26 U.S.C. § 6213(a). The IRS cannot simply assess the income tax liability it has determined.

Under 26 U.S.C. § 6201, the IRS is authorized and required to make inquiries, determinations, and assessments of all taxes[1] imposed under the Internal Revenue Code. When the IRS determines a "deficiency" in income taxes, it must send a notice of deficiency to the taxpayer by certified mail before it attempts to assess or collect the tax. 26 U.S.C. §§ 6211(a) and 6212(a). Within 90 days (or 150 days in some circumstances) after the IRS

---

[1] For this purpose, taxes includes interest, additional amounts, and additions to the tax, and assessable penalties. 26 U.S.C. § 6201(a).

sends the notice of deficiency, a taxpayer is entitled to petition the U.S. Tax Court for a redetermination of the deficiency.  26 U.S.C. § 6213(a).  During that 90-day period, the IRS is prohibited from assessing the deficiency, and from making any levy or bringing any court proceeding for the collection of the deficiency.  If the taxpayer files a petition with the Tax Court during that period, the IRS is further prohibited from assessing or collecting the deficiency in tax until the decision of the Tax Court becomes final.  26 U.S.C. § 6213(a).  If the taxpayer fails to file a timely petition with the Tax Court, the IRS may assess the tax, and the taxpayer is required to pay the assessed deficiency upon notice and demand.  26 U.S.C. § 6213(c).

Treasury Regulation § 301.6212-2(a) (26 C.F.R.) defines "last known address" as "the address that appears on the taxpayer's most recently filed and properly processed Federal tax return, unless the Internal Revenue Service (IRS) is given clear and concise notification of a different address." Except as provided in Treas. Reg. § 301.6212-2(b)(2), "change of address information that a taxpayer provides to a third party, such as a payor or another government agency, is not clear and concise notification of a different address."  Treas. Reg. § 301.6212-2(b)(1).  Treasury Regulation § 301.6212-2(b)(2) provides that the IRS will update a last known address based upon a change of address provided to the U.S. Postal Service "if the

taxpayer's name and last known address in IRS records match the taxpayer's name and old mailing address contained in the [USPS] database."

Here, the notices of deficiency were mailed to the taxpayer's last known address by certified mail, but they were returned undelivered. *Declaration of Eileen Campagno ("Campagno Declaration") at paras. 9-22 and pp. 8-33.* The deficiency notices themselves contain the certified mail numbers. *Id.* The notices used 30100 Summit Drive, Apartment 108, Farmington Hill, MI 48334, as the last known address. *Id.* Before the notices were mailed, the IRS checked its records for an updated last known address and found none. *Campagno Declaration at paras. 13, 20.*

The defendant Feldman does not argue that he informed the IRS of a change of address. Instead, he argues that he moved from the Summit Drive address during 2001, that he notified the USPS of a change of address, and therefore the notice of deficiency was sent by the IRS to the wrong address. The defendant has not offered any documentary proof of the name or old mailing address used to change his address with the USPS. What is clear, however, is that the IRS computer records showed no change of address. Perhaps this was caused by that fact that the defendant has used several different versions of his name, and the names used by the USPS and the IRS did not match. *See* Treas. Reg. § 301.6212-2(b)(2) (requiring names

and addresses to match for a change to be made).  The defendant has two middle names (Sergi Elton), and he sometimes uses Elton alone, both names, and both names hyphenated.  *Deposition of Joseph Feldman (hereinafter "Feldman Deposition") at pp. 4-5; Campagno Declaration at pp. 10, 24-25, 58.*  Regardless, based upon the information available to the IRS, the notices of deficiency were sent by the IRS via certified mail to the taxpayer's last known address and the taxpayer has not shown otherwise.

*2.  This Action Was Timely Commenced and Cannot Be Barred by The Doctrine of Laches.*

The statute of limitations for the IRS to make an assessment is generally three years from the date the taxpayer files a return. 26 U.S.C. § 6501(a).  If a taxpayer fails to file a return, the IRS can assess taxes at any time.  26 U.S.C. § 6501(c)(3).  After the IRS makes an assessment, it generally has 10 years to collect the taxes or commence a proceeding in court.  26 U.S.C. § 6502(a).  The collection statute of limitations runs from the date of assessment, not the date of the mailing of a notice of deficiency. *See* 26 U.S.C. §§ 6502(a) and 6203.

Here, the taxpayer did not file an income tax return for the year 2001 or 2002 and, therefore, there was no deadline for the assessment of the taxes.  In addition, the tax assessments for 2001 and 2002 were made on April 30, 2007, and this action was commenced on April 25, 2017, within 10

years of the date of assessment.  Therefore, this action was timely commenced under 26 U.S.C. § 6502.

Moreover, it is well-established that the United States is not subject to the defense of laches in enforcing its rights.  *United States v. Summerlin*, 310 U.S. 414, 416 (1940) ("It is well settled that the United States is not . . . subject to the defense of laches in enforcing its rights.") ; *United States v. Peoples Household Furnishings, Inc.*, 75 F.3d 252, 254 (6th Cir. 1996) ("The ancient rule *quod nullum tempus occurit regi*–'that the sovereign is exempt from the consequences of its laches ...'–has enjoyed continuing vitality for centuries.").

> 3.  *The Taxpayer Has Not Shown His Tax Basis And, Therefore, He Has Not Demonstrated That The IRS's Tax Assessments Are Incorrect In Any Way.*

A presumption of correctness attaches to an audit determination and assessment made by the Internal Revenue Service.  *See Cebollero v. C.I.R.*, 967 F.2d 986, 990 (4th Cir. 1992); *Ruth v. United States*, 823 F.2d 1091, 1093 (7th Cir. 1987).  The presumption of regularity supports the official acts of public officers and, in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties.  *United States v. Chemical Foundation, Inc.*, 272 U.S. 1, 14-15 (1926).  In order to overcome this presumption, a taxpayer must demonstrate by the

preponderance of the evidence that the determination is entirely incorrect. *See United States, et al. v. Janis*, 428 U.S. 433, 441 (1976); *Coleman v. United States*, 704 F.2d 326, 328-29 (6th Cir. 1983).  If the taxpayer seeks to reduce a gain from the sale of stock, he has the burden of proving his basis in the stock.  *See* 26 U.S.C. § 1012*; United States v. Hughes*, Civil No. 4:12-cv-40025-TSH, 2015 WL 5840213 at *4 (D. Mass. Oct. 5, 2015) ("It is the taxpayer's burden to establish the basis for each sale of stock.  A taxpayer may satisfy his burden by introducing evidence showing 'details [of] each purchase [including the purchase] date, the number of shares purchased, the name of each stock purchase and the per share price.'" (citations omitted)).

Here, the defendant alleges in his affidavit (Doc. No. 24) that he had no capital gains because his basis exceeded the amount realized from the sales.  The taxpayer, however, has no records showing his basis.  Because it is always the taxpayer's burden to prove basis, the correct basis for securities in which the taxpayer has failed to prove the amount of his basis is, as a matter of law, zero.  *See, e.g.*, *Coloman v. C.I.R.*, 540 F.2d 427, 430 (9th Cir. 1976) ("The fact that basis may be difficult to establish does not relieve a taxpayer from his burden.").  The defendant cannot satisfy his

burden with unverified hearsay.[2] Indeed, it was, and continues to be, the defendant's legal obligation to maintain books and records sufficient to verify his income and deductions. 26 U.S.C. § 6001; Treas. Reg. § 1.6001-1(a).

Further, during his discovery deposition, Joseph Feldman effectively conceded that he had a zero basis in the stocks that he sold in 2001 and 2002. *Feldman Deposition at pp. 64-68.* Mr. Feldman testified that he purchased these stocks with worthless, counterfeit checks. *Id.* In fact, from 2001 through 2005, printing and passing counterfeit checks was Mr. Feldman's vocation and, in substance, his sole source of income. *Feldman Deposition at pp. 31-37, 41-42, 47-60, 64-68, 70.* While engaged in this illegal activity, Mr. Feldman chose not to keep books and records documenting his unlawful transactions. *Id.*

---

[2] The Internal Revenue Code imposes a duty upon individuals to make a return if their gross income exceeds a certain level, which varies depending on the filing status, age, and the type of income of the individual. *See* 26 U.S.C. § 6012(a)(1); Treas. Reg. § 1.6012-1 (26 C.F.R.); *cf.* 26 U.S.C. §§ 6001 and 6011(a). Under 26 U.S.C. § 6012(a), "[r]eturns with respect to income taxes under subtitle A shall be made by ... [e]very individual having for the taxable year gross income which equals or exceeds the exemption amount, ...."

The defendant Feldman argues that he did not have a duty to file a tax return because he did not have any gross income from the sale of stock. *See* 26 U.S.C. § 61(a)(3); *Eisner v. Macomber*, 252 U.S. 189, 207 (1920). As discussed herein, the IRS determined that the defendant realized income for the income tax years 2001 and 2002, and the defendant has not demonstrated that that determination was incorrect. More importantly, however, the fact remains that the defendant did not file a return for those years and, therefore, a deficiency in tax could be assessed at any time. *See* 26 U.S.C. § 6501(b)(2).

## CONCLUSION

The foregoing reasons set forth in the United States' motion for summary judgment and in this reply, the Court should grant the United States' motion for summary judgment.

Respectfully submitted,

DAVID A. HUBBERT
Deputy Assistant Attorney General
Tax Division U.S. Dept. of Justice

| | |
|---|---|
| *Local Counsel:* | /s/ L. Steven Schifano |
| | _____ |
| MATTHEW SCHNEIDER | L. Steven Schifano, Trial Attorney |
| United States Attorney | U.S. Department of Justice Tax Division |
| | P.O. Box 55, Ben Franklin Station |
| PETER CAPLAN | Washington, D.C. 20044 |
| Assistant U.S. Attorney | (202) 307-6575 Phone |
| | (202) 514-5238 Fax |
| | l.steven.schifano@usdoj.gov |
| | Wisconsin Bar # 1019644 |
| | Counsel for the United States |